**Not For Publication**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ATOTECH USA, INC., et al., | : | |
| | : | Civil Action No. 05-5517 (FSH) |
| Plaintiffs, | : | |
| | : | |
| vs. | : | **OPINION & ORDER** |
| | : | |
| MacDERMID, INC., | : | |
| | : | Date: August 8, 2006 |
| | : | |
| Defendant. | : | |

This matter having come before the Court upon Defendants' Motion to Bifurcate pursuant to Fed. R. Civ. P. 42(b); and the Court having considered the written submissions of the parties pursuant to Fed. R. Civ. P. 78; and for good cause shown; and

Plaintiffs, Atotech USA, Inc. and Atotech Deutschland GmbH (collectively "Atotech"), having alleged infringement by Defendant MacDERMID, Inc., ("MacDERMID") of two patents involving a new "high-efficiency, etch-free" ("HEEF") hard chrome electroplating method; and according to Plaintiffs, the new HEEF method being the product of twenty years of research by Dr. Kenneth Newby and having been patented by Atotech; and

Plaintiffs having alleged that Defendant knowingly sought Atotech's HEEF formula and thereafter duplicated it and marketed it as its own; and

Defendant having raised the defense of inequitable conduct before the United States Patent and Trademark Office ("PTO") in its answer; and

Defendant having moved to bifurcate the claims to be litigated in this case, alleging bifurcation will expedite the litigation by establishing that Plaintiffs are guilty of inequitable

conduct, and will obviate the need for litigation on all other claims put forth in the pleadings;[1] and

it appearing that bifurcation is appropriate only "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy;"[2] and

it appearing that bifurcation is inappropriate where "the preliminary and separate trial of an issue will involve extensive proof and substantially the same facts or witnesses as the other issues, or if any saving in time and expense is wholly speculative;"[3] and

it appearing that even if the inequitable conduct claim is successful, it will only apply to one of the two patents-in-suit (Pl's Br. at 1);[4] and

it appearing, therefore, that a second trial will likely be necessary regardless of the outcome of the inequitable conduct case; and

it appearing that, even assuming the inequitable conduct claim applied to both patents, bifurcation would only further judicial economy if the Defendant prevailed on the inequitable conduct claim; and

this Court being unprepared, given the early stage of this litigation and the limited evidence presented, to make a finding as to likely success on the merits of the inequitable conduct claim at this time; and

---

[1] A preliminary trial on inequitable conduct will entail proving by clear and convincing evidence that Atotech failed to "disclose material information" or submitted "materially false information to the PTO" and will thus require extensive discovery and witnesses.

[2] Fed. R. Civ. P. 42(b)

[3] 7 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2388 (2nd Ed. 1994).

[4] Defendant's Exhibit E supports this.  The Exhibit E chart describes inequitable conduct on only one of the two patents-at-issue.

it appearing that the saving of time and expense is therefore speculative; and

it appearing that identical parties, substantially the same discovery and many of the same witnesses would be required to try both the inequitable conduct claim and the patent infringement claims; and

it appearing that bifurcation will therefore require more time and expense than a single trial on all the issues, and will increase the burden on the Court;[5]

**IT IS** on this 8thday of August 2006,

**ORDERED** that Defendants' Motion to Bifurcate is **DENIED.**

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

---

[5] Court costs would increase because bifurcation would require two sets of hearings and conferences.