William J. O'Shaughnessy
Richard Hernandez
MCCARTER & ENGLISH, LLP
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101-0652
(973) 622-4444

Jay R. Campbell
Todd R. Tucker
Joshua M. Ryland
RENNER, OTTO, BOISSELLE & SKLAR LLP
1621 Euclid Avenue, 19th Floor
Cleveland, OH 44115
(216) 621-1113

*Attorneys for Plaintiffs Atotech Deutschland GmbH
and Atotech USA Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATOTECH USA INC.<br>1750 Overview Drive<br>Rock Hill, SC 29730 | **Civil Action No. 05-5517 (FSH)** |
| and | |
| ATOTECH DEUTSCHLAND GMBH<br>Erasmusstrasse 20<br>10533 Berlin, Germany | **AMENDED COMPLAINT FOR<br>PATENT INFRINGEMENT AND<br>MISAPPROPRIATION OF TRADE<br>SECRETS** |
| Plaintiffs, | |
| v. | **(Jury Demand)** |
| MACDERMID INC.<br>1401 Blake Street<br>Denver, CO 80202 | |
| Defendant. | |

For their Complaint against MacDermid Inc., Plaintiffs Atotech Deutschland GmbH and Atotech USA Inc. state as follows:

## THE PARTIES

1.      Plaintiff Atotech USA Inc. is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 1750 Overview Drive, Rock Hill, South Carolina 29730 and regularly does business in this judicial district.  Atotech USA Inc. is the exclusive licensee of U.S. Patent Nos. 5,176,813 and 5,453,175 in the United States of America.

2.      Plaintiff Atotech Deutschland GmbH is a corporation organized and existing under the laws of Germany and having a place of business at Erasmusstrasse 20, 10553 Berlin, Germany.  Atotech Deutschland GmbH is the owner by way of assignment of U.S. Patent Nos. 5,176,813 and 5,453,175.

3.      Defendant MacDermid Inc. ("MacDermid") is a corporation organized and existing under the laws of the State of Connecticut, having its headquarters and principal place of business at 1401 Blake Street, Denver, Colorado 80202.  Upon information and belief, MacDermid resides and regularly does business in this judicial district through its acts of selling and offering products for sale in this district.

## JURISDICTION AND VENUE

4.      This action arises under the Patent Laws of the United States, Title 35, United States Code and the South Carolina Code of Laws, Title 39 for trade secret misappropriation. This Court has jurisdiction under 28 U.S.C. § 1338(a) and (b).

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

2

## FACTUAL BACKGROUND

6.     Plaintiffs Atotech USA Inc. and Atotech Deutschland GmbH (collectively, "Atotech") are part of a global group of companies which supply chromium plating solutions to the metal finishing industry. Atotech's HEEF family of chromium plating chemistries are the result of years of investment and research. As early as 1985, Atotech had fully developed novel methods for hard chrome electroplating.

7.     Atotech has established its place in the market by investing in research, obtaining protection for its intellectual property, requiring a rigorous quality assurance program and ensuring continuous customer service. Atotech not only provides its customers with market and technology information but also works directly with its customer base at their sites to train and educate its customers in its processes.

8.     Atotech has developed a strong intellectual property portfolio including U.S. Patent Nos. 4,588,481 ("the '481 patent"), 5,176,813 ("the '813 patent) and 5,453,175 ("the '175 patent), all of which protect aspects of Atotech's inventive hard chrome electroplating processes, such as Atotech's HEEF 25 process. True and correct copies of the '813 patent and the '175 patent are attached as Exhibit A and Exhibit B, respectively. The '481 patent expired on March 25, 2005. The '813 patent and the '175 patent will expire on January 5, 2010.

9.     Atotech's customers practice Atotech's patented methods through the use of Atotech's chemical formulations in conjunction with standard industry equipment and lead anodes.

10.     Lead anodes are universally used in the hard chrome electroplating industry.

11.     From March of 2005 onward, Atotech has been informed by several of its customers that MacDermid had approached them and made known its intention to offer for sale products similar to Atotech's patented HEEF products.  On March 17, 2005, Atotech sent MacDermid a letter informing MacDermid that the HEEF products are subject to patent protection until 2010.  The letter also warned MacDermid that its actions would constitute inducement to infringe Atotech's patents, including the '813 patent.

12.     On or about March 28, 2005, MacDermid informed Atotech that due to the expiration of the '481 patent, MacDermid intended to enter the United States market for hard chrome electroplating chemistry.

13.     In late March or early April of 2005, MacDermid began advertising a hard chrome electroplating chemistry under the trade name ChromKlad 2500.  MacDermid advertised its "ChromKlad 2500 high efficiency non-etch Hard Chrome system" on the back cover of Metal Finishing magazine, April 2005, Vol. 103, No. 4.  A copy of this advertisement is attached as Exhibit C.  MacDermid continues to advertise its ChromKlad 2500 product on its website at www.macdermid.com/industrial/hardchromecoatings.html including 2 downloadable PDF format advertisements.

14.     Upon information and belief, MacDermid has been selling and offering for sale to Atotech's customers its ChromKlad 2500 product.  MacDermid's ChromKlad 2500 is a chemical formulation for hard chrome electroplating chemistry.  MacDermid's ChromKlad 2500 product contributorily infringes Atotech's patented methods.

4

15.     MacDermid states in its technical data sheet ("TDS") for ChromKlad 2500 hard chrome plating process that one of the advantages of the ChromKlad 2500 product is the use of standard pretreatment and anodes.  The TDS also advises that the user employ commercially available materials as anodes.  The TDS also instructs the user that if the anodes become coated with an orange-yellow lead chromate scale, they can be cleaned with ChromKlad Anode Cleaner (71175).  A copy of the TDS is attached as Exhibit D.  The TDS and ChromKlad 2500 product induce MacDermid's customers to infringe Atotech's patented methods.

16.     Upon information and belief, the use of ChromKlad 2500 according to the TDS for hard chrome electroplating with commercially available industry standard lead anodes infringes Atotech's patented methods.

17.     Atotech has also developed and is the owner of certain proprietary trade secret information related to its HEEF 25 product line (collectively, "HEEF Trade Secrets").  HEEF Trade Secrets include, but are not limited to, customer lists, pricing structures, chemical formulas, components, suppliers, marketing strategies and other business know-how and methods.  Atotech derives independent economic value by keeping this information secret and the information is not readily ascertainable by proper means.  Atotech carefully protects this information as trade secrets.

18.     MacDermid hired former Atotech employees who had access to Atotech trade secrets.  At MacDermid's request and through improper means, these former Atotech employees disclosed the trade secrets to MacDermid.  MacDermid is using these trade secrets to the detriment of Atotech.

5

## COUNT I: INFRINGEMENT OF THE '813 PATENT

19.     Atotech incorporates by reference herein the allegations of Paragraphs 1-16 of this Complaint.

20.     Atotech Deutschland GmbH is the owner by assignment of the '813 patent entitled PROTECTION OF LEAD-CONTAINING ANODES DURING CHROMIUM ELECTROPLATING. The '813 patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on January 5, 1993. The '813 patent is still in force and effect and is presumed valid under the U.S. patent laws. Atotech USA Inc. is the exclusive licensee of U.S. Patent No. 5,176,813 in the United States of America. A copy of the '813 patent is attached as Exhibit A.

21.     MacDermid has been and still is indirectly infringing the '813 patent under 35 U.S.C. § 271(b) by actively inducing direct infringement by other persons who use products that embody one or more of the claims of the '813 patent while MacDermid had knowledge of the '813 patent and knew or should have known that its actions would induce direct infringement by others and intended that its actions would induce direct infringement by others. MacDermid will continue to infringe unless enjoined by this court.

22.     MacDermid has been and still is indirectly infringing the '813 patent under 35 U.S.C. § 271(c) by contributory infringement by providing non-staple articles of commerce to others for use in an infringing system with knowledge of the '813 patent and knowledge that these non-staple articles of commerce are used as a material part of the claimed inventions of the '813 patent. MacDermid will continue to infringe unless enjoined by this court.

23.     Atotech has provided MacDermid with written notice of MacDermid's infringement.

24.     MacDermid has knowingly and willfully infringed the '813 patent.

25.     As a result of MacDermid's infringement of the '813 patent, Atotech has suffered monetary damages in an amount not yet determined, and will continue to suffer irreparable harm in the future unless MacDermid's infringing activities are enjoined by this Court.

26.     Atotech will be greatly and irreparably harmed unless preliminary and permanent injunctions are issued enjoining MacDermid and their agents, servants, employees, attorneys, representatives, and all others acting on their behalf from infringing the '813 patent.

## COUNT II: INFRINGEMENT OF THE '175 PATENT

27.     Atotech incorporates by reference herein the allegations of Paragraphs 1-24 of this Complaint.

28.     Atotech Deutschland GmbH is the owner by assignment of the '175 patent entitled PROTECTION OF LEAD-CONTAINING ANODES DURING CHROMIUM ELECTROPLATING.  The '175 patent was duly and legally issued by the USPTO on September 26, 1995.  The '175 patent is still in force and effect and is presumed valid under the U.S. patent laws.  Atotech USA Inc. is the exclusive licensee of U.S. Patent No. 5,453,175 in the United States of America.  A copy of the '175 patent is attached as Exhibit B.

29.     MacDermid has been and still is indirectly infringing the '175 patent under 35 U.S.C. § 271(b) by actively inducing direct infringement by other persons who use products that embody one or more of the claims of the '175 patent while MacDermid had knowledge of the '175 patent and knew or should have known that its actions would induce direct infringement by others and intended that its actions would induce direct infringement by others.  MacDermid will continue to infringe unless enjoined by this court.

7

30.     MacDermid has been and still is indirectly infringing the '175 patent under 35 U.S.C. § 271(c) by contributory infringement by providing non-staple articles of commerce to others for use in an infringing system with knowledge of the '175 patent and knowledge that these non-staple articles of commerce are used as a material part of the claimed inventions of the '175 patent.  MacDermid will continue to infringe unless enjoined by this court.

31.     Atotech has provided MacDermid with written notice of MacDermid's infringement.

32.     MacDermid has knowingly and willfully infringed the '175 patent.

33.     As a result of MacDermid's infringement of the '175 patent, Atotech has suffered monetary damages in an amount not yet determined, and will continue to suffer irreparable harm in the future unless MacDermid's infringing activities are enjoined by this Court.

34.     Atotech will be greatly and irreparably harmed unless preliminary and permanent injunctions are issued enjoining MacDermid and their agents, servants, employees, attorneys, representatives, and all others acting on their behalf from infringing the '175 patent.

## COUNT III: MISAPPROPRIATION OF TRADE SECRETS UNDER SOUTH CAROLINA CODE OF LAWS

35.     Atotech incorporates by reference herein the allegations of Paragraphs 1-34 of this Complaint.

36.     Atotech owns and maintains the HEEF Trade Secrets, and the HEEF Trade Secrets have independent economic value to Atotech.

37.     MacDermid has acquired Atotech's HEEF Trade Secrets through improper means resulting in misappropriation of trade secrets pursuant to South Carolina Code of Laws Section 39-8-30.

38.     MacDermid's misappropriation of Atotech's HEEF Trade Secrets has been willful, wanton and/or reckless.

39.     As a result of MacDermid's misappropriation of Atotech's HEEF Trade Secrets, Atotech has suffered monetary damages in an amount not yet determined, and will continue to suffer irreparable harm in the future unless MacDermid's misappropriation is enjoined by this Court.

40.     Atotech will be greatly and irreparably harmed unless preliminary and permanent injunctions are issued enjoining MacDermid and their agents, servants, employees, attorneys, representatives, and all others acting on their behalf from using Atotech's HEEF Trade Secrets.

## PRAYER FOR RELIEF

Plaintiff Atotech prays for the following relief:

(a)     A judgment that MacDermid has indirectly infringed by contributory infringement and/or inducement, and continues to infringe the '813 patent and the '175 patent (collectively, the "patents-in-suit");

(b)     A judgment that MacDermid's infringement of the patents-in-suit has been willful;

(c)     A judgment against MacDermid awarding Atotech damages suffered by Atotech pursuant to 35 U.S.C. § 284 on account of MacDermid's infringement of the patents-in-suit;

(d)     A judgment that Atotech's damages be trebled pursuant to 35 U.S.C. § 284 and that punitive damages be assessed against MacDermid;

(e)     Preliminary and permanent injunctions against MacDermid and any entity acting in concert with MacDermid, pursuant to 35 U.S.C. § 283, preventing MacDermid and any such entity, from infringing any of the patents-in-suit;

(f)     A judgment that this is an exceptional case and that Atotech be awarded reasonable attorney fees pursuant to 35 U.S.C. § 285;

(g)     A judgment against MacDermid awarding Atotech damages for trade secret misappropriation under South Carolina Code of Laws Section 39-8-40;

(h)     A judgment that MacDermid's trade secret misappropriation was willful, wanton or reckless and that exemplary damages be awarded in accordance with South Carolina Code of Laws Section 39-8-40(C);

(i)     A judgment that MacDermid's trade secret misappropriate was willful and that Atotech should be awarded reasonable attorney fess pursuant to South Carolina Code of Laws Section 39-8-80; and

(j)     A judgment that MacDermid be directed to pay Atotech its costs incurred herein and such other and further relief as the Court deems just and equitable;

Dated:  November 13, 2006                    Respectfully submitted,

                                            s/ William J. O'Shaughnessy
                                            William J. O'Shaughnessy
                                            Richard Hernandez
                                            MCCARTER & ENGLISH, LLP
                                            100 Mulberry Street
                                            P.O. Box 652
                                            Newark, NJ 07101-0652
                                            (973) 622-4444
                                            woshaughnessy@mccarter.com

Jay R. Campbell
Todd R. Tucker
Joshua M. Ryland
RENNER, OTTO, BOISSELLE & SKLAR LLP
1621 Euclid Avenue, 19th Floor
Cleveland, OH 44115
(216) 621-1113

*Attorneys for Plaintiffs Atotech Deutschland GmbH
and Atotech USA Inc.*

## JURY DEMAND

Plaintiff Atotech respectfully requests a trial by jury as to all issues so triable.

Respectfully submitted,

s/ William J. O'Shaughnessy
William J. O'Shaughnessy
Richard Hernandez
MCCARTER & ENGLISH, LLP
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101-0652
(973) 622-4444
woshaughnessy@mccarter.com

Jay R. Campbell
Todd R. Tucker
Joshua M. Ryland
RENNER, OTTO, BOISSELLE & SKLAR LLP
1621 Euclid Avenue, 19th Floor
Cleveland, OH 44115
(216) 621-1113

*Attorneys for Plaintiffs Atotech Deutschland GmbH
and Atotech USA Inc.*