UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____  :
ATOTECH USA, INC.                    :
                                     :
         Plaintiff                   :
                                     :
   v.                                :    Civil Action No. 05-5517(FSH)
                                     :
                                     :ORDER ON INFORMAL APPLICATION&
MACDERMID, INC.                      :FOURTH AMENDED PRETRIAL
                                     :SCHEDULING ORDER
                                     :
         Defendants                  :
                                     :

**THIS MATTER** having come before the Court by way of letter dated February 27, 2007, regarding a dispute about the deposition notice for Max Garzone; and the Court having conducted a telephone conference on the record pursuant to Rule 16 of the Federal Rules of Civil Procedure on February 28, 2007; and the parties having advised the Court of their positions concerning Mr. Garzone's relationship with the defendant in this case; and the Court having set a briefing schedule to address whether or not he is subject to a deposition notice or if foreign evidence collection protocols are required to secure his testimony; and the parties having advised the Court of a potential dispute concerning a Rule 30(b)(6) notice; and the parties having further advised the Court that additional time is needed to complete discovery but that this additional time will have no impact on the date for the Final Pretrial Conference; and the Court having considered the arguments and representations of the parties; and for the reasons discussed during the telephone conference; and for good cause shown,

   **IT IS on this 28th day of February, 2007**

   **ORDERED THAT:**

   1. a. The request to extend the fact and expert discovery deadlines is granted as set forth herein;
      b. No later than **March 2, 2007**, the defendant shall submit its letter and exhibits in support of its request to preclude the deposition of Mr. Garzone by way of notice for his deposition. The plaintiffs shall submit their response no later than **March 7, 2007**;

   **IT IS FURTHER ORDERED THAT:**

   **I.  DISCOVERY AND MOTION PRACTICE**

1.  A.  Plaintiffs' Fed. R. Civ. P. 26 disclosures related to the trade misappropriation claim are to be exchanged on or before **completed.**

    B.  Defendant's Fed. R. Civ. P. 26 disclosures related to the trade misappropriation claim are to be exchanged on or before **completed.**

2.  Discovery necessary to engage in meaningful settlement discussions: none.

3.  a.  The parties may serve interrogatories related to the trade misappropriation claim limited to **10** single questions including subparts and requests for production of documents on or before **completed,**  to be responded to no later than **completed.**

    b.  Foreign evidence collection shall commence no later than **deadline passed.**

4.  The number of depositions to be taken by each side shall not exceed **fifteen (15).**  No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  See Fed. R. Civ. P. 32(d) (3) (A).  No instruction not to answer shall be given unless a privilege is implicated.  The depositions are to be completed no later than **April 20, 2007.**

5.  Fact discovery is to remain open through **April 20, 2007**.  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

6.  Counsel shall confer in a good  faith attempt to informally resolve any discovery disputes before seeking the Court's intervention.  Should such informal effort  fail to resolve the dispute, the matter shall be brought to the Court's attention in the first instance by a brief letter outlining the dispute.

    If the dispute involves an alleged deficiency in a response to a discovery request, then the parties shall submit a joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient.  No further submissions regarding the dispute may be submitted without leave of Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

    No discovery motion or motion for sanctions for failure to provide discovery shall be made before utilizing the procedures set forth in this paragraph without prior leave of Court.

    Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **December 4, 2006.**  Other than the Garzone issue and the dispute concerning the Rule 30(b) (6) notice, which shall be brought to the Court's attention using the joint letter/joint chart protocol no later than **March 21, 2007**, the Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.

7.  All dispositive motions shall be discussed in advance of filing with the undersigned

either in person or by teleconference. Any and all dispositive motions must be filed no later than **May 18, 2007** and must be comply with Local Rule 7.1. No pretrial dispositive motions will be entertained after that date. Any responses shall be submitted no later than **to be set** and any replies shall be submitted no later than **to be set** without leave of Court. The return date shall be **to be set** before the Hon. Faith S. Hochberg. Her Honor's chambers will advise the parties if oral argument will be required. **The parties shall advise the Court no later than March 2, 2007 whether or not the deadlines implicated by the motion cycle commencing May 18, 2007 can be met.**

## II.  EXPERTS

8.  All affirmative expert reports shall be delivered by **February 19, 2007.**

9.  All responding expert reports shall be delivered by **March 19, 2007.**

10.  a.  All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

   b.  Expert depositions shall be completed no later than **April 20, 2007.**

## III.  FINAL PRETRIAL CONFERENCE

11. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **June 26, 2007 at 10:00 a.m**. The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

12. <u>Not later than **20 working days**  before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits. Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.</u>

13. All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court. Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

14. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

15. The original joint proposed final pretrial order shall be delivered to the CHAMBERS of the undersigned no later than **June 19, 2007 at 4:00 p.m**. All counsel are responsible for the timely submission of the Order.

16. The Court expects to engage in meaningful settlement discussions at the final pretrial

conference.  Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

## IV.  CLAIM CONSTRUCTION HEARING (PATENT CASES ONLY)

17.  The following paragraphs (19 through 22) apply only to patent cases involving claim construction issues requiring a *Markman* hearing.

18.  There shall be a non-adversarial preview of the substantive art at issue before Judge Hochberg on **June 5, 2007 at 11:00 a.m.**  The parties are to contact the Chambers of Judge Hochberg to confirm the date and time.  No later than 10 days prior to that date, the parties shall provide the Court with a videotape explaining the subject matter covered by the patent in suit.

19.  The parties shall brief all claim construction issues in advance of the *Markman* hearing according to the following schedule:

Opening briefs not exceeding 25 pages must be filed simultaneously no later than **May 18, 2007.**

Opposition briefs not exceeding 10 pages must be filed simultaneously no later than **June 1, 2007.**

No reply briefs will be permitted except upon a showing of good cause.

20.  The *Markman* hearing will be held before Judge Hochberg on **to be set.**  The parties shall contact the Chambers of Judge Hochberg to confirm the date and time.

21.  Any and all summary judgment motion(s) must also be briefed in accordance with the schedule set forth in paragraph 20 and shall be included in the same brief submitted in connection with the *Markman* issues (with an additional 15 pages per side for opening briefs and 5 pages per side for opposition briefs).  No exceptions will be made except with the Court's prior permission upon a showing of good cause.

## V.  MISCELLANEOUS

22. The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

23. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

24. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

25. **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN SANCTIONS.**

s/Patty Shwartz
**UNITED STATES MAGISTRATE JUDGE**
