UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATOTECH USA INC. <br><br> and <br><br> ATOTECH DEUTSCHLAND GMBH <br><br> Plaintiffs, <br><br> v. <br><br> MacDERMID INC., <br><br> Defendant. | Civil Action No. 05-5517 (FSH) |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO SEAL**

William J. O'Shaughnessy
Richard Hernandez
MCCARTER & ENGLISH, LLP
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101-0652
(973) 622-4444

Jay R. Campbell
Todd R. Tucker
Joshua M. Ryland
RENNER, OTTO, BOISSELLE & SKLAR LLP
19th Floor
1621 Euclid Avenue
Cleveland, OH 44115
(216) 621-1113

*Attorneys for Plaintiffs Atotech USA Inc.
and Atotech Deutschland GmbH*

ME1 6455542v.1

As requested by the Court, Plaintiffs Atotech USA, Inc. and Atotech Deutschland GmbH ("Atotech") respectfully submit this Supplemental Memorandum in Support of its Motion to Seal Materials pursuant to Local Civil Rule 5.3(c).

## I.   INTRODUCTION

This case involves claims for both willful patent infringement and theft of Atotech's trade secrets requiring discovery of ***highly sensitive competitive materials, including product formulations and confidential licensing agreements***. Atotech has produced confidential information in discovery, the public disclosure of which would affect its legitimate business interests—some of which even contain the exact trade secrets MacDermid has misappropriated. The parties entered into a Stipulated Discovery Protective Order to protect their respective valuable confidential information, which the Court entered on April 18, 2006 (the "Protective Order"). The Protective Order allows the parties to designate information as "Confidential" (Order ¶ 2) or "Attorneys' Eyes Only" (*Id.* ¶ 4), and provides that a party wishing to use material designated "Confidential" or "Attorneys' Eyes Only" in a submission filed with the Court must move pursuant to Local Rule 5.3 for leave to file the submission under seal (*Id.* ¶ 11). MacDermid has filed summary judgment papers that contain a significant amount of Atotech's confidential information. Atotech respectfully requests that selected portions of that briefing and a number of exhibits containing highly confidential, proprietary information and exhibits be sealed by the Court.

In accord with the Court's Order of May 18, 2007, the parties have exchanged briefs to designate any materials subject to the Protective Order for sealing. MacDermid has filed the documents listed below under seal in accordance with the provisions of Local Rule 5.3. ***Atotech***

ME1 6455542v.1

respectfully requests that the following documents related to *MacDermid's* motion for summary judgment be sealed:

1. Memorandum of Law in Support of MacDermid's Motion For Summary Judgment: Selected passages, filed as redacted, that relate to Atotech's confidential formulations, agreements and experimental research of inventor Dr. Ken Newby.

2. MacDermid's Statement of Undisputed Material Facts: Selected passages, filed as redacted, that relate to Atotech's confidential formulations, agreements and experimental research of inventor Dr. Ken Newby.

3. *Exhibits 22, 23, 26-34, 36-37, 40-42, and 44-48* to Memorandum in Support of MacDermid's Motion for Summary Judgment: The listed exhibits, filed under seal, contain confidential formulations, disclose confidential license agreements and describe/disclose experimental research by Dr. Ken Newby. Unfortunately, MacDermid chose to file these exhibits either in their entirety or, in the case of deposition testimony, in blocks with extensive irrelevant but confidential testimony related to Atotech trade secrets. Accordingly, Atotech respectfully requests that these exhibits be sealed in their entirety.

## II. DISCUSSION

In accord with Local Civil Rule 5.3, Atotech describes in detail the confidential information sought to be protected and the reasoning behind the request. For all items requested to be sealed, the local rule requires the movant to describe:

(a) the nature of the materials or proceedings at issue;
(b) the legitimate private and public interests which warrant the relief sought;
(c) the clearly defined and serious injury that would result if the relief sought is not granted; and
(d) why a less restrictive alternative to the relief sought is not available.

Local Rule 5.3(c)(2).

The proceedings at issue are directed to the misappropriation and use of chrome plating technology protected by patent and *trade secret* law. And the disclosure of these trade secrets, including product formulations, would defeat the purpose of this litigation—to protect those trade secrets. The information Atotech seeks to be sealed includes: Atotech's confidential

2

product formulations, the experimental research of Atotech's inventor, Dr. Ken Newby, and Atotech's confidential licensing agreements related to the subject technology.

The actual materials sought to be sealed include: (1) portions of MacDermid's unredacted Memorandum in Support Defendant's Motion For Summary Judgment, (2) portions of MacDermid's unredacted Statement of Undisputed Material Facts, and (3) 21 cited Exhibits that include Atotech's confidential information.

It should also be noted that, while Atotech has taken great care to minimize the material to be sealed, redacting individual portions of the exhibits submitted by MacDermid is problematic. MacDermid's brief in support of summary judgment included nearly 50 exhibits, many of which were filed in their entirety—including numerous pages not relevant to the subject of its motion or even cited in its brief. In addition, MacDermid filed a substantial amount of "Attorneys Eyes Only" deposition testimony that again appears to include pages of unnecessary confidential information. Unfortunately, as Atotech cannot control what or how many pages MacDermid chooses to file as exhibits to its brief, Atotech is forced to move to seal certain exhibits in their entirety. Short of requiring MacDermid to reconcile its exhibits with the portions cited in its filings, Atotech cannot pursue any less restrictive means to protect its confidential and proprietary information.

To avoid unnecessary repetition, the chart below provides a categorical explanation of the nature of the confidential and proprietary material Atotech seeks to seal and indicates the specific locations of that information. Each item falls within at least one of three categories of confidential material: **(A)** trade secret formulations; **(B)** trade secret research and development; or **(C)** confidential licensing or supply agreements that bind Atotech to secrecy.

3

|    | Document | Page | Confidential Material Type And Category |
|----|----------|------|------------------------------------------|
| 1  | Statement of Material Facts | p. 10, ¶¶ 60-63 | Discusses Atotech's confidential research and development activities **(B)**. |
| 2  | Statement of Material Facts | p. 11, ¶ 66 | Discusses Atotech's confidential research and development activities **(B)**. |
| 3  | Statement of Material Facts | p. 14, ¶¶ 84-85 | Discusses Atotech's confidential research and development activities **(B)**. |
| 4  | Statement of Material Facts | pp. 21-22, ¶¶ 133-143 | Discusses Atotech's confidential sales and licensing practices as well as confidential supply arrangements **(C)**. |
| 5  | Statement of Material Facts | pp. 31-32, ¶¶ 208-212 | Discusses Atotech's confidential research and development activities **(B)**. |
| 6  | Statement of Material Facts | pp. 32-34, ¶¶ 214-228 | Discusses Atotech's confidential research and development activities **(B)**. |
| 7  | Statement of Material Facts | p. 34, ¶¶ 229-230 | Discusses Atotech's confidential research and development activities **(B)** and Atotech's confidential supply arrangements **(C)**. |
| 8  | Statement of Material Facts | pp. 34-35, ¶¶ 231-238 | Discusses Atotech's confidential research and development activities **(B)**. |
| 9  | Statement of Material Facts | p. 35, ¶¶ 239-240 | Discusses Atotech's confidential sales and licensing practices **(C)**. |
| 10 | Statement of Material Facts | p. 35, ¶¶ 241, 245 | Discusses the trade secret formulations that are the subject of Atotech's trade secret dispute **(A)**. |
| 11 | Statement of Material Facts | p. 36, ¶¶ 249-251 | Discusses Atotech's confidential research and development activities **(B)**. |
| 12 | Statement of Material Facts | p. 37-38 ¶¶ 254-259, 261 | Discusses the trade secret formulations that are the subject of Atotech's trade secret dispute **(A)**. |
| 13 | Statement of Material Facts | p. 38, ¶ 263 | Discusses Atotech's confidential research and development activities **(B)**. |
| 14 | Statement of Material Facts | pp. 37-38 | Discusses the trade secret formulations that are the subject of Atotech's trade secret dispute **(A)** as well as Atotech's confidential supply arrangements **(C)**. |
| 15 | Memorandum in Support of S/J | p. 3, n. 3, lines 2-4 | Discusses Atotech's confidential research and development activities **(B)**. |
| 16 | Memorandum in Support of S/J | p. 25, lines 14-19 | Discusses Atotech's confidential sales and licensing practices **(C)**. |
| 17 | Memorandum in Support of S/J | p. 33, lines 3-13 | Discusses Atotech's confidential sales and licensing practices **(C)**. |
| 18 | Memorandum in Support of S/J | p. 37, lines 9-14 | Discusses Atotech's confidential research and development activities **(B)** and Atotech's confidential sales and licensing practices **(C)**. |
| 19 | Memorandum in Support of S/J | p. 40, chart, 1st column | Discusses the trade secret formulations that are the subject of Atotech's trade secret dispute **(A)**. |

|    | Document | Page | Confidential Material Type And Category |
|----|----------|------|------------------------------------------|
| 20 | Memorandum in Support of S/J | p. 41, chart, 1st column | Discusses the trade secret formulations that are the subject of Atotech's trade secret dispute **(A)**. |
| 21 | Memorandum in Support of S/J | p. 44, last 2 lines & table | Discusses the trade secret formulations that are the subject of Atotech's trade secret dispute **(A)**. |
| 22 | Memorandum in Support of S/J | p. 45, table | Discusses the trade secret formulations that are the subject of Atotech's trade secret dispute **(A)**. |
| 23 | Exhibit No. 22 |  | Atotech's Confidential License Agreement related to patented processes for hard chromium plating (complete document – 12 pages). **(C)** |
| 24 | Exhibit No. 23 |  | Atotech's Confidential License Agreement related to patented processes for hard chromium plating (complete document – 16 pages). **(C)** |
| 25 | Exhibit No. 26 |  | Atotech's Inventor's Confidential lab notebook detailing Atotech's research and development as well as the development of its trade secrets (complete document – 52 pages). **(B)** |
| 26 | Exhibit No. 27 |  | Atotech's Inventor's Confidential lab notebook detailing Atotech's research and development as well as the development of its trade secrets (complete document – 52 pages). **(B)** |
| 27 | Exhibit No. 28 |  | Atotech's Inventor's Confidential lab notebook detailing Atotech's research and development as well as the development of its trade secrets (complete document – 52 pages). **(B)** |
| 28 | Exhibit No. 29 |  | Atotech's Inventor's Confidential Invention Disclosure detailing Atotech's research and development as well as the development of its trade secrets (complete document - 17 pages). **(B)** |
| 29 | Exhibit No. 30 |  | Atotech's Confidential Technical Memorandum detailing Atotech's research and development as well as the development of its trade secrets (complete document – 7 pages). **(B)** |
| 30 | Exhibit No. 31 |  | Atotech's Confidential Internal R & D Monthly Report detailing Atotech's research and development as well as the development of its trade secrets (complete document – 2 pages). **(B)** |
| 31 | Exhibit No. 32 |  | Atotech's Confidential Internal R & D Monthly Report detailing Atotech's research and development as well as the development of its trade secrets (complete document – 3 pages). **(B)** |
| 32 | Exhibit No. 33 |  | Atotech's Confidential Internal R & D Monthly Report detailing Atotech's research and development as well as the development of its trade secrets (complete document – 3 pages). **(B)** |

ME1 6455542v.1

| | Document | Page | Confidential Material Type And Category |
|---|---|---|---|
| 33 | Exhibit No. 34 | | Atotech's Privilege Log - discloses confidential information that is also protected by attorney-client privilege. **(A), (B) and (C)** |
| 34 | Exhibit No. 36 | | Atotech's Confidential labwork detailing the product compositions that Atotech claims as a trade secret (complete document – 3 pages). **(B)** |
| 35 | Exhibit No. 37 | | Atotech's Confidential internal Memo detailing the product compositions that Atotech claims as a trade secret (complete document – 2 pages). **(B)** |
| 36 | Exhibit No. 40 | | Excerpt of the 4/11/07 Deposition of John Kinne discussing trade secret formulations. (9 pages) **(A)** |
| 37 | Exhibit No. 41 | | Excerpt of the 4/12/07 Deposition of Ken Newby that discusses trade secret formulations and confidential research and development. (63 pages) **(A), (B) and (C)** |
| 38 | Exhibit No. 42 | | Excerpt of the 4/19/07 Deposition of Frank Altmayer that discusses trade secret formulations and confidential research and development. (55 pages) **(A) and (B)** |
| 39 | Exhibit No. 44 | | Excerpt of the 4/11/07 Deposition of John Kinne discussing trade secret formulations and Atotech's confidential business and supplier arrangements. (14 pages) **(A) and (C)** |
| 40 | Exhibit No. 45 | | Excerpt of the 1/12/07 Deposition of Stanley Marcus discussing confidential research and development. (32 pages) **(B) and (C)** |
| 41 | Exhibit No. 46 | | Excerpt of the 3/9/07 Deposition of John McCaskie discussing trade secret formulations and confidential research and development. (23 pages) **(A) and (B)** |
| 42 | Exhibit No. 47 | | Excerpt of 8/17/06 Deposition of Ken Newby that discusses confidential business practices, trade secret formulations, and confidential research and development. (47 pages) **(A), (B) and (C)** |
| 43 | Exhibit No. 48 | | Excerpt of the 11/2/06 Deposition of Frederick Rauppious that discusses confidential business practices, competitive analysis, and trade secret formulations. (23 pages) **(A)** |

According to Local Rule 5.3(c)(2), a four-factor analysis is presented below for each of the categories of confidential information that comprise the subject matter of the Atotech's proposed redactions.

### A. Trade Secrets.

As noted in the chart above, redactions numbered 10, 12, 14, 19-22, and Exhibits 33, 36-39, and 41-43 all contain confidential information about Atotech's formulations that are the subject of this trade secret dispute. Atotech also notes that many of the exhibit pages filed do not appear necessary to support MacDermid's position, but demand protection because, while not relevant to this matter, are highly confidential and proprietary materials of Atotech.

#### 1. The nature of the materials or proceedings at issue.

Atotech has redacted certain portions of the materials submitted by MacDermid that relate to Atotech's formulations that are the subject matter of this dispute. Specifically, the category **(A)** items in the chart above include MacDermid's disclosures of Atotech's trade secret formulations.

#### 2. The legitimate private and public interests which warrant the relief sought.

Atotech invests millions in research and development in metal finishing, and its trade secrets are the culmination of years of research and development. Trade secrets are by definition secret. Atotech thus should be entitled to protect its significant investment and maintain the confidentiality of these trade secrets—the same trade secrets at issue in this case. Indeed, there would be no incentive for any company to invest in research and development unless there was an opportunity to gain a competitive advantage from that investment. And without continued investment in research, the industry would stagnate. Both the public's interests and Atotech's private interests are best served by protecting the confidentiality of Atotech's trade secrets.

### 3. The serious injury that would result if the relief sought is not granted.

Atotech alleges that MacDermid misappropriated its proprietary, confidential, and highly valued product trade secrets, including its formulations. If the confidential information in the materials submitted by MacDermid is not sealed, MacDermid will be disclosing to the world precisely what Atotech alleges that MacDermid could not obtain lawfully. Under the law of trade secrets, disclosed information is no longer trade secret—and thus loses its value. Atotech's years of research and expenditures in developing proprietary product formulations—and in turn its position in the market—will be destroyed. Thus, Atotech will be irreparably harmed if the trade secret information contained in the materials submitted by MacDermid is not sealed.

### 4. A less restrictive alternative to the relief sought is not available.

As filed by MacDermid, Atotech is not aware of any less restrictive alternative to sealing the information relating to Atotech's trade secrets since disclosing this information in any form would be highly damaging to Atotech. Atotech notes, however, that MacDermid's briefs do not cite much of this information, calling into question whether attaching entire exhibits and pages of deposition testimony is necessary. If MacDermid could account for precisely the pages of these exhibits that it needs to argue its position, Atotech may be able to provide even more nuanced redactions. Absent such an arrangement, Atotech must move to seal the entirety of exhibits that contain nonrelevant but highly confidential information. Given these harms, and that MacDermid has not objected to the trade secret redactions set forth in the table above, the unredacted versions of these documents should be sealed.

### B. Trade Secret Research and Development.

As noted in the chart above, redactions numbered 1-3, 5-8, 11, 13, 15, 18 and Exhibits 25-35, 37-38 and 40-42 all contain confidential information about Atotech's research and development activities. Again, Atotech notes that many of the exhibits that it requests to be sealed appear to contain pages not cited in MacDermid's briefs, but nonetheless contain proprietary Atotech information.

#### 1. The nature of the materials or proceedings at issue.

Atotech has redacted certain portions of the materials submitted by MacDermid that disclose Atotech's confidential research and development activities. These confidential activities involve the technology at issue in this case as well as other confidential research activity. Specifically, the category **(B)** items in the chart above include MacDermid's disclosures of Atotech's confidential material pulled from documents and testimony involving inventor notebooks, internal research memoranda and invention disclosures.

#### 2. The legitimate private and public interests which warrant the relief sought.

As mentioned above, Atotech invests significant resources in research and development in the area of metal treatment and chromium plating. To protect its investment, Atotech employs stringent confidentiality guidelines within the company to protect the technological know-how it has developed and accumulated. Atotech should be entitled to protect its investment and maintain the confidentiality of its research. Both the public's interests and Atotech's private interests are best served by protecting the confidentiality of Atotech's research and development activities for the same reasons set forth above supporting the sealing of Atotech's trade secret information.

### 3. The serious injury that would result if the relief sought is not granted.

The disclosure of Atotech's confidential research and development would immediately and irreparably harm Atotech. The know-how Atotech has gleaned from years of experience and millions of dollars of research would become available to *all* of Atotech's competitors—not just MacDermid. All of Atotech's competitors would be able "catch-up" to Atotech overnight and the hard-earned competitive advantages enjoyed by Atotech would be destroyed. Atotech's market would be reduced to commodity competition, thus destroying Atotech's profitability. Sealing the documents to protect Atotech's confidential information would avoid such a damaging result.

### 4. A less restrictive alternative to the relief sought is not available.

Atotech is not aware of any less restrictive alternative to sealing the information relating to Atotech's research and development in the form that information was filed. As disclosing this information in would be highly damaging to Atotech, the only less restrictive alternative to sealing as requested would again require MacDermid to limit its exhibits to only those pages or lines necessary to support its arguments. As it stands, however, MacDermid has not objected to the redactions relating to Atotech's confidential research and development set forth in the table above, and the unredacted versions of the documents should be sealed.

### C. Confidential Licensing Practices and Supply Arrangements.

As noted in the chart above, redactions 4, 7, 9, 14, 16-18, and Exhibits 23, 29, 33, 37, 39, 40 and 24 all contain confidential information about Atotech's sales and licensing practices or supply arrangements. As MacDermid has chosen to file the entire agreements as exhibits and

10

pages of deposition testimony describing those agreements, Atotech respectfully requests that the line redactions and entire exhibits be sealed.

### 1. The nature of the materials or proceedings at issue.

Atotech has redacted certain portions of MacDermid's briefs that disclose confidential information relating to Atotech's sales and licensing practices or supply arrangements. These redactions are identified as category **(C)** items in the chart above involve the technology at issue in this case as well as other products and technologies.

### 2. The legitimate private and public interests which warrant the relief sought.

It is a standard business practice for companies to engage in confidential licensing and supply arrangements. Like any company, Atotech has a right to maintain the confidentiality of its agreements with third parties, ***particularly when the Agreement requires that the agreements be kept confidential***. And, especially in the case of confidential supply agreements, those arrangements are recognized trade secrets. Accordingly, the interests of the contracting parties are best served by allowing Atotech to keep its promise to maintain the confidentiality of its agreements. Moreover, the public's interests are best served when companies know that they have a reasonable expectation that the confidentiality of their agreements will be maintained.

### 3. The serious injury that would result if the relief sought is not granted.

The disclosure of Atotech's confidential licensing practices and supply arrangements would cause immediate harm to Atotech. To the extent that these agreements afford Atotech a competitive advantage, that advantage would immediately be destroyed. Moreover, Atotech's reputation with the contracting parties would be harmed if the confidential information contained

11

in the agreements is made public. Further, the agreements themselves could be jeopardized because their disclosure may violate the terms of the agreements, and the value of the agreements is significantly diminished if the very trade secrets and know-how being licensed are suddenly on display for public viewing. Sealing the documents would avoid such a damaging result while protecting the interests of innocent third parties.

### 4. A less restrictive alternative to the relief sought is not available.

Short of requiring MacDermid to refile its briefs and exhibits citing only those pages necessary to support its position, Atotech is not aware of any less restrictive alternative to sealing the information as requested. MacDermid has not objected to the redactions relating to Atotech's confidential licensing practices and supply arrangements set forth in the table above. Accordingly, the unredacted versions of the documents should be sealed.

## III. CONCLUSION

Because the materials submitted to the Court by MacDermid contain Atotech's confidential and trade secret information, Atotech respectfully requests that the Court grant its Motion to Seal Materials Pursuant to Local Rule 5.3.

Respectfully Submitted,

Dated: June 1, 2007

s/ William J. O'Shaughnessy
William J. O'Shaughnessy
Richard Hernandez
MCCARTER & ENGLISH, LLP
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101-0652
(973) 622-4444
woshaughnessy@mccarter.com

                        Jay R. Campbell
                        Todd R. Tucker
                        Joshua M. Ryland
                        RENNER, OTTO, BOISSELLE & SKLAR LLP
                        19th Floor
                        1621 Euclid Avenue
                        Cleveland, OH 44115
                        (216) 621-1113